Caldwell, Ch.
delivered the opinion of the Court.
This Court concurs with the circuit Chancellor in his construction of the will of Thomas Finley. The circumstance of a life estate in the slaves having been bequeathed to Jane Finley, and after her death to Reuben Finley, who was directed at specific periods designated in the will to send the female children of the two negro women, Nancy and Jinny, to the State of Indiana or Ohio, or to set them free, make it manifest that the condition could not from its nature be pre-cec*ent but was necessarily subsequent.
It is very clear, both from principle and authority, that the executor’s assent to the legacy to Jane Finley, the tenant for lifH> ipS0 facto enured to vest the estate in remainder in Reuben Finley. The particular estate ard the remainder constitute in law but one estate, however numerous the tenants may be who are entitled to it, or however disintegrated the periods at which it is to be enjoyed.
The only remaining question is what is the effect of the Act of 1841, on the devise and bequest to Reuben Finley?
1 Bail. R. 632.
11 Stat. ofS. C. 1 Rich. E. R. 61.
Hill on Trustees, 119,
As far as the negroes in controversy are concerned it is apparent the testator had three objects in view; first, to provide a life estate for his wife; then an estate in remainder for Reuben Finley ; and finally, to emancipate the children of the two negro women as they respectively arrived at the age of twen-five years. The testator died in 1831, Reuben Finley in 1837, and Jane Finley in 1845; the limited estate in the slaves vested in Reuben Finley before the passage of the Act, although by the terms of the will he was not entitled to the possession of them until the life estate of Jane Finley expired. The Act of 1841 was not passed for the purpose of divesting legal rights; nor can it be construed so as to affect the vested rights of Reuben Finley. They are not forfeited because he has not complied with the condition of the will, which the Act has rendered illegal and void. The legal effect of the Act is, to leave the rights of Reuben Finley untouched, and to exonerate his legal representatives from the performance of the condition.
If the condition had been simply to emancipate the slaves, it would have been in derogation of the Act ot 1820, which provided “that no slave shall hereafter be emancipated, but by Act of the Legislature,” and would come within the rule laid down in Lenoir v. Sylvester, and the alternative, “or - cause them to be sent to the State of Indiana or Ohio, where the laws of the State will liberate them,” not having been consummated, brings the case within the express provisions of the Act of 1841, and the decision of this Court in the case of Gordon v. Blackman, executor. The slaves the testator intended to emancipate, are therefore in the same situation as if the testator, after having bequeathed to Reuben Finley the limited interest in the female children, (of the two negro women) until they respectively arrived at the age of twenty five years, had stopped short, and left the ulterior estate in these slaves undisposed of.
The legatee cannot claim more than the testator has given him, as the Act clearly had no more intention to enlarge his estate, than to enable him to perform the condition ; its object was to annihilate such impolitic means and modes of emancipation, whether by deed or by will.
The testator evidently intended to bestow a benefit upon the slaves, to which the interest in them, bequeathed to Reuben Finley, was subordinate. It is very clear ihatthe testator did not design, in any event, that they should enure to him absolutely. His limited estate repels such a presumption ; indeed such a construction would be making a new will for the testator. *
The heirs and next of kin are persons highly favored by the law, and are never excluded from a resulting trust .on mere conjecture ; there must be clear and positive evidence of *220 benefit being intended by the testator to the legatee, and not mereiy negative evidence that no benefit was intended to them. The result of all the rules is, whenever the testator has not expressed his intention in favor of the legatee, it must be presumed to have been reserved for the benefit of the next of kin. This principle has been applied in England numerous cases, where there is no express provision by Act of Parliament; but how much more strongly must it apply here, where the object of the Act of 1841 was to defeat every effort to evade the Act of 1820; to destroy such con- and trusts, and to cast the estate upon the distribu-tees or next of kin of the person making such bequest, gift or conveyance.
Staki Wm! C. 40. ’ li Stat. of s. C. 155.
i Ves-, and Beams, 260..
Same rule ap-so^al^'ro^ert” Southouse J. Bate, 2V. and Miilfefv Bowman^ l Coli. N. 197-
It has been supposed that the principle laid down in King v. Dennison is applicable ; but there are very material distinctions tobe observed between that and this case; there the testatrix devised all her real estate to Mary Altham and Ara-bella Isaacson and their heirs and assigns for ever, subject to and chargeable with certain annuities; but here the estate in remainder in these staves is limited to Reuben Finley for a particular period, which indicates that the testator did not contemplate giving him more than- he expressed ■ and before the legatee can perform the condition, the Act intercepts it, and does not leave the question to construction, but ex vi termini, casts the estate upon the next of kin. In that case judgment of Lord Eldon stood upon the ground that if it was a devise for a paiticular purpose only, and theapplica-lion did not exhaust the whole estate, there was a trust for ^le whether the testator said so or not, and the heir standing in this situation is entitled to what in Law or Equi-is not given to another. But as the whole estate was devised to these two persons, the heirs could not claim the residue.
The slaves constitute the third class intended to be bene-fitted by the testator, but as they are considered by the law as chattels, beyond all doubt they cannot claim the performance of the condition, nor can any one prosecute their claims for them, as they have no civil rights. As this residuary interest in them was not efficiently disposed of by the testator it cannot now be carried into effect for their benefit, but is. cast upon the next of -kin. The Act of 1841, therefore, merely affects the estate of the testator which he intended to emancipate, but does not touch the interests of the legatees. It is ordered and decreed that the appeal be dismissed and the' circuit decree be affirmed.
Johnston, Ch. Dunkin, Cx-i. and Dakgan, Ch. concurred.

Decree affirmed.